UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel N. Smith, *a/k/a Samuel Nimrod Smith*, | ) ) ) | **C/A:** 8:17-2549-JMC-TER |
| Plaintiff, | ) ) | Report and Recommendation |
| vs. | ) ) | |
| Henry McMaster, Jean Toal, Rick Quinn, Tracey Colton Green, Sandra Matthews, World Capital Brokerage, Gameplan Financial Marketing, LLC, William J. Condon, Jr., Mitchell Willoughby, John M.S. Hoefer, Allianz Life, F.I.N.R.A., Rich O'Dell, Cindy Scoppe, Addison Graves Wilson, Sr., Captain John Bishop, Shiva Hodges, *United States Federal Magistrate Judge*, Cameron McGowan Currie, *Senior Federal Judge*, Daniel E. Shearouse, John Carrigg, Terry L. Wooten, *Chief Judge*, T. Stephen Lynch, Susan Lipscomb, Sandra Matthews, S. Jahue Moore, Tiffany Richardson, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff sues a multitude of state actors, judges, attorneys, and non-state actors. Plaintiff has

filed a number of suits regarding a common nucleus of facts.[1] Here, Plaintiff alleges his claims are: conspiracy § 1983, supervisory liability, § 1983, failure to intervene, § 1986, and extortion and Hobbs Act violations under "18 U.S.C." (ECF No. 1 at 4). Plaintiff alleges Defendant McMaster was asked by Plaintiff to prevent con artists from attacking senior citizen retirement assets. Plaintiff states McMaster and Defendant Quinn were taking bribes from the con artists "in order to supplement Jean Toal's alcoholism and Henry to raise funds to use in his political campaign." (ECF No. 1 at 5). Plaintiff makes multiple references to the United States Supreme Court certifying that Plaintiff has a legal claim and lower courts should have heard it. However, public records show the petition for certiorari filed by Plaintiff was summarily denied by the high court. Plaintiff alleges that McMaster bribed judges of this Court. (ECF No. 1 at 5).

Plaintiff alleges "they" called his broker, Allianz Life and told him to fire Plaintiff and threatened for the SC Attorney General to pull licenses. (ECF No. 1 at 6). Plaintiff alleges that he was "attacked 'under color of law'" with the "claims [coming] through [the] SCAG driven by William J. Condon, Jr. coordinated by Tracey Green pretending to be some 'mediator.'" (ECF No. 1 at 6). Plaintiff alleges "they violated fraud upon the court" and the "attack began in December 2008." (ECF No. 1 at 6). Plaintiff alleges he knew McMaster was taking bribes because Plaintiff knew Plaintiff had not violated any securities regulations. Plaintiff states that campaign contribution timings showed the "Quinn connection." Plaintiff alleges that McMaster was taking contributions from a company that benefitted from running fraudulent ads. (ECF No. 1 at 6). Plaintiff alleges "they proceeded to revoke my securities license." Plaintiff alleges "they" called Gameplan Financial

---

[1] *See Smith v. S.C. Attny. Gen., et al*, No. 3:09-cv-1319-CMC (2009); *Smith v. Toal, et al*, No. 3:14-cv-507-CMC (2014); *Smith v. McMaster, et al*, No. 3:15-cv-2177-JMC (2015).

3

and said to terminate Plaintiff. Plaintiff alleges that Judges Wooten and Currie "are bribe taking crooks that serve as Henry McMaster's personal guards." Plaintiff alleges McMaster has violated the Hobbs and Rico Acts. (ECF No. 1 at 8).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights).

The Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va.*

*Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights).

**Statute of Limitations**

Plaintiff alleges the "attack began in December 2008." (ECF No. 1 at 6). The applicable statute of limitations is three years here. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); S.C. Code Ann. § 15–3–530(5); *Haley v. Josey,* 2010 WL 705907 (D.S.C. Feb. 10, 2004). Actions must be commenced within three years after the plaintiff knew, or by the exercise of reasonable diligence should have known, that a cause of action existed. Based upon the allegations in Plaintiff's Complaint that demonstrate when he was aware of Defendants' alleged actions well in excess of three years prior to filing this action, Plaintiff's Complaint is outside of the statute of limitations.

Notwithstanding the statute of limitations bar to this entire action, the court will address additional grounds for summary dismissal regarding each Defendant.

**Defendants McMaster, Toal, and Quinn, official capacity**

To the extent, Plaintiff indicates he is suing Defendants McMaster, Toal, and Quinn in only their official capacities, said Defendants are subject to summary dismissal. When a defendant is sued in his official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. The United States Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it

5

> does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. *Id*. at 58. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 6113 (2002). Defendants McMaster, Toal, and Quinn are subject to summary dismissal as sued in their official capacity they are entitled to Eleventh Amendment immunity.

**Criminal Statutes**

To the extent Plaintiff alleges violations of criminal statutes by McMaster or other defendants, Plaintiff here has no constitutional right to, or in fact, any judicially cognizable interest in, the criminal process or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) [applying *Linda R.S. v. Richard D.* and collecting cases]. Said alleged claim is subject to summary dismissal.

**Defendants World Capitol Brokerage, Inc., Gameplan Financial Marketing, LLC, and Allianz Life**

Plaintiff alleges "they" called his broker, Allianz Life and told him to fire Plaintiff and threatened that the South Carolina Attorney General would pull licenses. (ECF No. 1 at 6). Plaintiff alleges "they" called Game plan Financial and said to terminate Plaintiff. (ECF No. 1 at 8).

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983. A defendant in a § 1983 action must qualify as a "person." *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001)(finding that a medical department is not a person amenable to suit under § 1983). Thus, dismissal is appropriate and recommended for Plaintiff's claims against these Defendants.

Moreover, in order to state a claim under § 1983, Plaintiff must allege that a constitutional violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff makes no allegations that these Defendants are or were state actors. To implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To become state action, private action must have a "sufficiently close nexus" with the state that the private action "may be fairly treated as that of the State itself." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)(internal citation and quotation omitted). The Complaint does not allege state action by these Defendants for § 1983 purposes and Defendants World Capitol Brokerage, Inc., Gameplan Financial Marketing, LLC, and Allianz Life, are subject to summary dismissal without issuance and service of process.

**Defendants Judge Wooten, Judge Currie, Justice Toal, and Judge Hodges**

Plaintiff alleges that Judges Wooten and Currie "are bribe taking crooks that serve as Henry McMaster's personal guards." (ECF No. 1 at 8). Plaintiff alleges that McMaster bribed judges of this Court. (ECF No. 1 at 5).

In addition to Rule 8 deficiencies, these Defendants are entitled to dismissal due to judicial immunity. Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely

immune from a claim for damages arising out of his judicial actions."). Thus, Defendants Judge Wooten, Judge Currie, Justice Toal, and Judge Hodges are entitled to summary dismissal from this case.

**Defendants Shearhouse, Matthews, FINRA, Willoughby, Hoefer, O'Dell, Scoppe, Wilson, Bishop, Carigg, Lynch, Lipscomb, Moore, and Richardson**

Defendants[2] Shearhouse, Matthews, FINRA[3], Willoughby, Hoefer, O'Dell, Scoppe, Wilson, Bishop, Carigg, Lynch, Lipscomb, Moore, and Richardson are only listed as Defendants in the Complaint and there are no allegations regarding these Defendants. As such, said Defendants are entitled to summary dismissal. The Complaint in this case fails to state a plausible claim against any Defendant because it is conclusory and lacks necessary factual details.[4] Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide

---

[2] To the extent any of these Defendants are attorneys, they may be entitled to immunity. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (per curiam) (private attorney). Again, there are no allegations as to these Defendants, but addresses provided to the court by Plaintiff indicate some may be attorneys.

[3] FINRA would also be entitled to summary dismissal, on an additional ground, as it is a private corporation and Plaintiff has not alleged facts showing that it is a state actor.

[4] It is clear this action is barred by the statute of limitations as discussed *supra*. If, for sake of argument, the statute of limitations did not bar Plaintiff's claims, dismissal is also based on other grounds set forth *supra* and *infra*, which may be cured, at least in part, by amendment. *See* Fed. R. Civ. Proc. 15; *see also Grady v. White*, No. 16-7722, 2017 WL 1437235 (4th Cir. April 24, 2017)(dismissing without remanding to district court because district court previously afforded Plaintiff the chance to amend his complaint).

"more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..." *Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.* Thus, Defendants Shearhouse, Matthews, FINRA, Willoughby, Hoefer, O'Dell, Scoppe, Wilson, Bishop, Carigg, Lynch, Lipscomb, Moore, and Richardson are entitled to summary dismissal.

**Defendants Condon and Green**

Plaintiff does not indicate in which capacity Defendants Condon and Green are sued, so the court construes as being sued in both their individual and official capacities. Plaintiff states Quinn was taking bribes from con artists. (ECF No. 1 at 5). Plaintiff alleges that he was "attacked 'under color of law'" with the "claims [coming] through [the] SCAG driven by William J. Condon, Jr. coordinated by Tracey Green pretending to be some 'mediator.'" (ECF No. 1 at 6). In accordance with the above case law regarding conclusory pleadings, Plaintiff fails to make allegations that state a claim against Green and Condon.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*.

|  |  |
|---|---|
| October 4, 2017<br>Florence, South Carolina | s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).