IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF SOUTH CAROLINA
                              ANDERSON/GREENWOOD DIVISION

| Samuel Nimrod Smith, | ) | |
|---|---|---|
| | ) | Civil Action No.: 8:17-cv-02549 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Henry McMaster, | ) | |
| Jean Toal, | ) | |
| Rick Quinn, | ) | |
| Tracey Colton Green, | ) | |
| Sandra Matthews, | ) | |
| World Capital Brokerage, | ) | |
| Gameplan Financial Marketing, LLC, | ) | |
| William Condon, Jr., | ) | |
| Mitchell Willoughby, | ) | |
| John M.S. Hoefer, | ) | |
| Allianz Life, | ) | |
| F.I.N.R.A., | ) | |
| Rich O'Dell, | ) | |
| Cindy Scoppe, | ) | |
| Addison Graves Wilson, Sr., | ) | |
| Captain John Bishop, | ) | |
| Shiva Hodges, *United States Federal Magistrate Judge,* | ) | |
| Cameron McGowan Currie, *Senior Federal Judge,* | ) | |
| Daniel E. Shearhouse, | ) | |
| John Carrigg, | ) | |
| Terry L. Wooten, *Chief Judge,* | ) | |
| T. Stephen Lynch, | ) | |
| Susan Lipscomb, | ) | |
| S. Jahue Moore, | ) | |
| Tiffany Richardson, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on October 4, 2017 (ECF No. 12), recommending that Plaintiff Samuel Smith's ("Plaintiff") case be dismissed without prejudice and without issuance and service of process, pursuant to S.C. Code Ann. § 15-3-530(5) (2017) which sets a three (3) year time limit

in which to commence an action once a plaintiff knew, or by reasonable diligence should have known, that a cause of action existed. *See* (ECF No. 12 at 5); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that § 1983 claims are governed by state-law statute of limitations for personal-injury torts); *Haley v. Josey,* No. CA 0:09-714-PMD-PJG, 2010 WL 705907, at *3 (D.S.C. Feb 24, 2004) (applying statute of limitations stated in S.C. Code Ann. § 15-3-530(5)). The Report also details other reasons why Plaintiff's case should be dismissed, including the inability to sue Defendants McMaster, Toal, and Quinn in their official state capacities under the Eleventh Amendment (*Id.* at 5-6), and the inability to sue Defendants World Capitol Brokerage, Inc., Gameplan Financial Marketing, LLC, and Allianz Life under section 1983 because they are not state actors. (*Id.* at 7.) Plaintiff is also unable to sue Judges Wooten, Currie, Hodges, and Justice Toal because Plaintiff has not stated a plausible claim, and the judges have judicial immunity for actions taken in their official capacity. (*Id.* at 8-9); *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (a judge is immune from suit for actions taken within their judicial capacity unless the judicial actions are "taken in complete absence of all jurisdiction.") Lastly, as to the remaining Defendants, Plaintiff has failed to state a plausible claim pursuant to Fed. R. Civ. P. 8, due to his claims being conclusory and factually insufficient. (*Id.* at 9-10.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

The parties were advised of their right to file objections to the Report. (ECF No. 12 at 12.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

November 1, 2017

Columbia, South Carolina